UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HUGH PAGE, JR.,

      Plaintiff,

vs.

CORRECTIONAL OFFICER
HOWARD, *et al.*,

      Defendants.

Case No. 1:08-cv-0099

Judge Michael R. Barrett
Magistrate Judge Timothy S. Black

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION TO DISMISS (Doc. 14) BE GRANTED AND THIS CASE BE CLOSED**

Plaintiff is an inmate who brings this action pursuant to 42 U.S.C. § 1983. This case is now before the Court on Defendants' motion to dismiss (Doc. 14) and the parties' responsive memoranda (Docs. 17, 22).

**I.**

Plaintiff, an inmate in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"), formerly incarcerated at the Southern Ohio Correctional Facility ("SOCF"), filed this action alleging that he was injured as a result of Defendants' excessive use of force arising out of an incident that occurred on February 22, 2007 at SOCF. (Doc. 5). Defendants are employees of ODRC, to wit: Correctional Officer Howard, Correctional Officer Payne,[2] Correctional Officer Jeffrey Chinn, Sergeant Forest

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff has not perfected service as against Defendant Correctional Officers Howard and Payne. The summons and complaint sent to these Defendants were returned unexecuted and

Hunt, and Warden Edwin Voorhies.[3]

Plaintiff alleges that Defendants sprayed him with pepper spray in the face, slammed him against a cell wall and the floor, and repeatedly slammed his head into cell bars while he was restrained in handcuffs and leg irons.  (Doc. 1, ¶¶ 8, 13).  Plaintiff also alleges that Officer Chinn threatened to kill him and struck him in the face with his closed fists, causing lacerations and swelling to Plaintiff's face.  (*Id*., ¶¶ 10, 11).

On March 9, 2008, Plaintiff utilized the prisoner grievance procedure, by filing an "Informal Complaint Resolution Form" relating to the facts surrounding his alleged excessive use of force claim.  The Informal Complaint Resolution Form clearly states that it must be "completed by the inmate within 14 days of incident."  Plaintiff's grievance was filed more than one year after the February 22, 2007 incident.

Defendants now move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to exhaust his administrative remedies as is required by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997e(a).  Upon careful review, and for the reasons that follow, the undersigned finds Defendants' motion to dismiss to be well-taken.

---

marked "return to sender/more than one addressee with the same last name."  (Doc. 24).

[3] Plaintiff's complaint against Warden Edwin Voorhies was previously dismissed by this Court for failure to state a claim for relief under 42 U.S.C. § 1983 because Plaintiff failed to allege any direct participation by the Warden.  (Doc. 6).

## II.

In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989); *see also Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994).

## III.

Under 42 U.S.C. § 1997e, a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act, 42 U.S.C. §1997e(a) provides, in pertinent part:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Woodford v. Ngo*, 126 S. Ct. 2378, 2381 (2006), the Supreme Court held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules." Furthermore, "the 'applicable procedural rules' that a prisoner must exhaust are defined not by the PLRA,

but by the prison grievance process itself." *Jones v. Bock*, 127 S. Ct. 910, 913 (2007). Thus, compliance with prison grievance procedures is required by the PLRA to "properly exhaust." *Id.* at 922-23.

ODRC maintains a three-step inmate grievance system that is available to all inmates at each of its institutions. This system allows inmates to seek relief regarding "any aspect of institutional life that directly and personally affects the grievant." At the first level of the grievance system, the inmate submits an informal complaint to the staff member with responsibility, or to the direct supervisor of the staff member, or to the department most directly responsible over the subject matter with which the inmate is concerned. If the inmate is not satisfied with the results, he may take the second step by filing a formal grievance with the inspector of institutional services at the prison where he is confined. That inspector will investigate the matter and issue a written response to the inmate's grievance. If the inmate is still dissatisfied, he may pursue the third step, which is an appeal to the office of the Chief Inspector of ODRC. *See* Ohio Admin. Code §5120-9-31. An inmate does not exhaust his remedies under §5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector.[4]

All inmates in the custody of ODRC are given both written and oral instructions on how to use the grievance system, including instructions on appeals to the Chief

---

[4] In circumstances where the inmate alleges misconduct on the part of the warden or inspector of institutional services at the prison where he is confined, he may initiate a grievance directly with the office of Chief Inspector. *See* Ohio Admin. Code §5120-9-30. There is no appeal from the Chief Inspector's decision in a direct grievance under §5120-9-30.

Inspector's office and direct grievances to that office, as required by Ohio Admin. Code §5120-9-31(D).

Plaintiff contends that he exhausted his administrative remedies by filing an Informal Complaint Resolution. Step number one of the grievance process must be initiated within fourteen days of the date of the event giving rise to the complaint. *See* O.A.C. § 5120-9-31(D)(1). The events that gave rise to the complaint in the instant case occurred on February 22, 2007. In accordance with the requirements of O.A.C. 5190-9-31(K)(1), Plaintiff had until March 8, 2007 in which to initiate step number one of the grievance process. Plaintiff filed an Informal Complaint Resolution on March 9, 2008, more than a year after the alleged excessive use of force incident. (Doc. 17., Exhibit A). Therefore, Plaintiff's grievance was untimely under O.A.C. § 5120-9-31(K)(1) and any appeal of that decision is time barred. Thus, Plaintiff did not timely utilize the prison grievance procedure and therefore he has failed to properly exhaust his administrative remedies. *See Fields v. U.S.,* No. 5:06cv2138, 2006 U.S. Dist. LEXIS 86841, *2 (N.D. Ohio Nov. 30, 2006) (*citing Woodford*, 126 S. Ct. at 2382-83 (where the prisoner's grievance is denied as untimely, it has not been properly exhausted, and the prisoner may be procedurally barred from bringing that claim in federal court)).

Additionally, Plaintiff contends that he is not required to exhaust his administrative remedies because he is seeking monetary compensation. (Doc. 17). This is a misstatement of the law. A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to

bringing suit in federal court.  *Woodford*, 126 S. Ct. at 2382-83.  Moreover, an inmate must pursue all available administrative remedies before filing a claim in federal court, regardless of whether the inmate seeks relief that is not available in grievance procedures, such as monetary damages.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

    Accordingly, **IT IS THEREFORE RECOMMENDED THAT** Defendants' motion to dismiss (Doc. 14) be **GRANTED** and this case be **CLOSED.**


DATE: <u>July 23, 2008</u>                                          <u>s/ Timothy S. Black</u>
                                                                                     Timothy S. Black
                                                                                     United States Magistrate Judge

-7-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HUGH PAGE, JR.,

       Plaintiff,

  vs.

CORRECTIONAL OFFICER
HOWARD, *et al.*,

       Defendants.

Case No. 1:08-cv-0099

Judge Michael R. Barrett
Magistrate Judge Timothy S. Black

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).