**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Hugh Page, Jr.,

    Plaintiff,

    v.                                        Case No. 1:08cv99

Correctional Officer Howard, *et al.*,     Judge Michael R. Barrett

    Defendants.

**ORDER**

Before the Court is the July 24, 2008 Magistrate Judge's Report and Recommendation ("R&R") (Doc. 26) regarding Defendants' Motion to Dismiss Plaintiff's claim pursuant to 42 U.S.C. § 99. (Doc. 14.)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections to the R&R. (Doc. 33.) Defendants filed a Reply to Plaintiff's Objections. (Doc. 34.)

**I.**     **FACTUAL BACKGROUND**

Plaintiff alleges that on February 22, 2007 he was injured as a result of Defendants' use of excessive force. Plaintiff alleges Defendants pepper sprayed him in the face, slammed him against a cell wall and the floor, and repeatedly slammed his head into cell bars while he was restrained in handcuffs and leg irons. (Doc. 1, ¶¶ 8, 13.) Plaintiff also alleges that Officer Chinn threatened to kill him and struck him in the face with his closed

fists, causing lacerations and swelling to Plaintiff's face. (Id., ¶¶ 10, 11.)

On March 9, 2008, Plaintiff filed an "Informal Complaint Resolution Form" based on the incident. Defendants argue that Plaintiff's Informal Complaint was untimely, and therefore Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. §1997e(a).

## II.   MAGISTRATE JUDGE'S R&R

The Magistrate Judge recommends granting Defendants' Motion to Dismiss. The Magistrate Judge concluded that Plaintiff had not exhausted his administrative remedies. The Magistrate Judge explained that the Ohio Department of Rehabilitation and Correction maintains a three-step grievance system for inmates to seek relief regarding "any aspect of institutional life that directly and personally affects the grievant." The Magistrate Judge explained further that step one of the grievance process must be initiated within fourteen days of the date of the event giving rise to the complaint. *See* O.A.C. § 5120-9-31(D)(1). The Magistrate Judge concluded that because the events that gave rise to Plaintiff's Complaint occurred on February 22, 2007, Plaintiff's Informal Complaint Resolution, filed on March 9, 2008, was untimely. As such, the Magistrate Judge concluded that Plaintiff failed to properly exhaust his administrative remedies.

The Magistrate Judge rejected Plaintiff's argument that he is not required to exhaust his administrative remedies because he is seeking monetary compensation, which is not available under the grievance procedure. The Magistrate Judge explained that an inmate is required to pursue all available administrative remedies before filing a claim in federal court, regardless of whether the inmate seeks relief that is not available in grievance procedures.

## III. ANALYSIS

Defendants have brought their motion pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008), *quoting Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As the Magistrate Judge correctly noted, a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Plaintiff again argues that he is not required to exhaust his administrative remedies because he is seeking monetary compensation. Plaintiff relies upon the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007). The Court finds *Jones* inapplicable to the issue raise by Plaintiff. In *Jones*, the Supreme Court held that (1) "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"; (2) "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances"; and (3) where a complaint contains both exhausted and

## III. ANALYSIS

Defendants have brought their motion pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008), *quoting Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As the Magistrate Judge correctly noted, a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Plaintiff again argues that he is not required to exhaust his administrative remedies because he is seeking monetary compensation. Plaintiff relies upon the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007). The Court finds *Jones* inapplicable to the issue raise by Plaintiff. In *Jones*, the Supreme Court held that (1) "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"; (2) "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances"; and (3) where a complaint contains both exhausted and

unexhausted claims, a district court should proceed with the exhausted claims while dismissing the unexhausted claims, rather than dismissing the complaint in its entirety. *See Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007).

Instead, the Supreme Court has made it clear that "a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), *citing Booth v. Churner*, 532 U.S. 731, 739 (2001). Therefore, the Court finds Plaintiff's objections are not well-taken, and the Magistrate Judge's conclusion regarding the dismissal of Plaintiff's claim to be correct.

Finally, in his Objections, Plaintiff also requests a stay of these proceeding to permit him to exhaust his administrative remedies. The Court finds that such a stay is not warranted because Plaintiff's failure to exhaust his administrative remedies is the result his failure to file a timely Informal Complaint Resolution, not his failure to avail himself to those remedies.

## IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's Report and Recommendation. Accordingly, the July 24, 2008 Magistrate Judge's Report and Recommendation (Doc. 26) is hereby **ADOPTED**.

It is hereby **ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. 14) is hereby **GRANTED**;

2. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court